# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.D., | 1:08-cv-01873-AWI-GSA |
| Plaintiff, | ORDER RE JOINT MOTION FOR APPROVAL OF SETTLEMENT |
| vs. | (Docs. 14 & 15) |
| ROSEDALE UNION SCHOOL DISTRICT, et. al., | |
| Defendants. | |

Plaintiff, M.D., is a minor in this action.[1] Pending before the court is a Joint Application for Approval of Settlement filed March 5, 2009.

The minor's claim pertains to experiences she encountered as a student at Freedom Middle School within the Rosedale Unified School District in Kern County, California.[2]

//

---

[1] According to the Joint Application for Approval of Settlement, the minor is fourteen years of age.

[2] A First Amended Complaint was filed with the Kern County Superior Court on December 2, 2008. Thereafter, on December 5, 2008, Defendants removed the action to this Court.

1

The Joint Application for Approval of Settlement indicates that an offer of settlement for a total of $9,999.00 was accepted by Plaintiff that will result in the dismissal of the action with prejudice, and that each party will bear its own costs. Plaintiff's attorneys are representing her on a pro bono basis and, as a result, do not seek an award of attorneys's fees.

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the Court in approving the settlement or compromise.
> . . .
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .
> . . .
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
> . . .
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . ..

The Joint Application for Approval of Settlement does not include information necessary for this Court to make a recommendation regarding the merits of the application. For example, there is no information with regard to payment of the judgment. Subdivision (e) of Local Rule 17-202 specifically provides that when money or property is recovered on behalf of a minor, it must be "(1) disbursed to the representative pursuant to state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor." This Court is left to speculate as to whom the money will be disbursed to, and what arrangements have been made regarding the deposit and/or maintenance of accounts regarding the money. Thus, the parties shall provide a description of the manner in which the settlement proceeds will be distributed.

//

//

In addition, it is noted that the Joint Application for Approval of Settlement makes no reference to a guardian ad litem for Plaintiff. In fact, the caption does not reflect a guardian in any fashion.[3] Moreover, it does not appear that an application to be the minor's guardian ad litem was ever filed with this Court. Rule 17( c) of the Federal Rules of Civil Procedure provides in relevant part:

> (1) With a representative. The following representatives may sue or defendant may sue on behalf of a minor or an incompetent person :
>
>    (A) a general guardian;
>    (B) a committee;
>    (C) a conservator;
>    (D) a like fiduciary
>
> (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next of friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action.

Local Rule 17-202(a) requires "appropriate evidence of the appointment of a representative for the minor" or similar motion by the court shall be presented. No evidence has been presented to this Court to establish a party has in fact been appointed Plaintiff M.D.'s guardian ad litem. If a guardian ad litem was in fact appointed in the state court proceeding, a copy of that court's order should be provided to this Court.

Given the deficiencies noted above, this Court does not have sufficient information upon which to make a recommendation that the Joint Application for Approval of Settlement be approved, or to determine whether a hearing is necessary. Accordingly, IT IS HEREBY ORDERED that the additional information be provided as outlined above within ten (10) court days of this order.

IT IS SO ORDERED.

Dated: **April 2, 2009**      **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE

---

[3] Previous pleadings filed in this matter, however, did include reference to "Guardian Ad Litem, V. Dixon." *See* Doc. 10.