# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.D., | 1:08-cv-01873-AWI-GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS ON JOINT APPLICATION FOR APPROVAL OF SETTLEMENT RE MINOR'S CLAIMS |
| vs. | |
| ROSEDALE UNION SCHOOL DISTRICT, et. al., | (Docs. 14-15 & 20-21 & 26-27) |
| Defendants. | |

## INTRODUCTION

In this 42 U.S.C. Section 1983 action arising from the alleged deprivation of minor Plaintiff M.D.'s constitutional and statutory rights, M.D. and her Guardian ad Litem and mother, V. Dixon ("Petitioner"), seek this Court's approval of a $9,999.00 compromise settlement for M.D. to resolve her claims against Defendants Rosedale Union School District, Superintendent Jamie Henderson, and Principal Trica Lazenby. For the reasons discussed below, this Court RECOMMENDS GRANTING the petition.

**BACKGROUND**

According to the first amended complaint filed December 2, 2008, in the Kern County Superior Court, while attending Freedom Middle School, M.D. was deprived of a safe and equal educational environment. M.D. experienced continual harassment based on her gender and perceived sexual orientation. She was referred to as a "lesbian" and a "lesbian bitch" after schoolmates started a rumor that she was a lesbian. M.D. was taunted almost daily. She was both verbally harassed and physically assaulted by schoolmates. Following an incident wherein approximately eight of M.D.'s schoolmates assaulted and battered her at a nearby park, she was transported by ambulance to the hospital for treatment of swelling and bruising on the side of her face near her right eye, as well as other scrapes and scratches to her fingers and hands. A subsequent battery occurred at the school, wherein M.D. was repeatedly kicked by four female schoolmates during the lunch hour. Although school officials were aware of the harassment M.D. was subjected to, and had the authority to institute corrective measures, M.D. alleges they took no reasonable actions to stop the harassment, and in fact the harassment continued and escalated after officials were informed.

M.D. contends that as a result of Rosedale Union's actions, and lack of appropriate action, she has suffered extreme emotional distress and psychological damage, including an inability to concentrate on her studies, serious depression, debilitating fear, despair, anger, humiliation and anxiety. She has suffered economic damages and bodily injury in the form of physical injury, disruption of sleep and insomnia.

On December 5, 2008, Defendants removed the action to this Court. On December 23, 2008, Defendants filed a Motion to Dismiss the Fourth and Fifth Causes of Action. Prior to a ruling on the motion by this Court, the parties advised the court that the matter had settled.

The applications for Approval of Settlement indicate that an offer of settlement for a total of $9,999.00 was accepted by M.D. that will result in the dismissal of the action with prejudice, and that each party will bear its own costs. M.D.'s attorneys are representing her on a pro bono basis and, as a result, do not seek an award of attorneys's fees. (Docs. 14-15, 20-21, 26-27.)

//

//

On April 24, 2009, this Court conducted a hearing to clarify and seek additional information concerning M.D.'s wish to use of a portion of the settlement funds for the purchase of a laptop, and to identify the financial institution that will maintain the remaining settlement proceeds on minor's behalf, until she reaches the age of majority. (Doc. 25.)[1] On May 12, 2009, the parties provided information to the Court indicating a financial lid of $1,000 shall be used for the purchase of a laptop computer for the minor,[2] to be used for hr current educational needs. Additionally, the remaining settlement proceeds will be placed in a federally insured blocked account established at Wells Fargo Bank in Bakersfield, California, naming M.D. as primary account holder, and V. Dixon, mother and guardian ad litem, as trustee. (Docs. 26 & 27.)

**DISCUSSION**

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the Court in approving the settlement or compromise.
> . . .
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .
> . . .
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
> . . .
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

---

[1] The Court's minute order stated that "the following information be provided to the Court by May 12, 2009: 1) identify financial institution and/or 529 plan; 2) total purchase price and/or financial lid for laptop to be purchased for minor out of the settlement proceeds." (See Doc. 25.)

[2] The parties indicate either a Dell or Hewlett Packard laptop computer, with software to include Microsoft Word, Excel and Power Point, will be purchased for this purpose. (See Doc. 27 at 3.)

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires *court approval* of the fairness and terms of the settlement." 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures, ¶ 15:138, p. 15-42 (emphasis in original). A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code, § 3601.

This Court RECOMMENDS the settlement proceeds of $9,999.00 be approved. More particularly, this Court RECOMMENDS that a sum not to exceed $1,000.00 be permitted to be used by the minor to purchase a laptop computer for purposes of her present education. This Court also RECOMMENDS that the remaining settlement proceeds, a sum not less than $8,999.00, be placed in a federally insured blocked account for the minor's benefit, and that the minor's share shall not be withdrawn until the minor reaches the age of eighteen (18) years or as ordered by this Court. The Court otherwise RECOMMENDS approval of the minor's compromise petition.

**CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT the petition for approval of minor's compromise;
2. ORDER that not more than $1,000.00 of the settlement proceeds may be used to purchase a laptop computer for the benefit of the minor's current educational needs;
3. ORDER the remaining settlement proceeds, a sum not less than $8,999.00, be deposited into a federally insured blocked account and not withdrawn until M.D. reaches the age of majority, or as ordered by the Court; and
4. ORDER that all parties bear their own costs as agreed.

These findings and recommendations are submitted to United States District Judge Anthony W. Ishii, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. Within **eleven (11) days** after being served with these Findings and Recommendations, the parties may file written objections to the court. The document should be captioned "Objections to Magistrate Judge's Findings and

4

Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **May 13, 2009**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE